UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>Ester M. Almanzar, )<br>)<br>    Debtor. )<br>)<br>_____ )<br>)<br>Ester M. Almanzar, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Bank of America, NA; Federal )<br>Housing Finance Agency, as )<br>conservator for Fannie Mae; )<br>National Mortgage Association )<br>aka Fannie Mae; Substitute )<br>Trustee Services, Inc., )<br>)<br>    Defendants. )<br>) | Case No. 12-80385C-13D<br><br><br><br><br><br><br><br><br>Adversary No. 12-9045 |

## MEMORANDUM OPINION

This case came before the court on August 23, 2012, for hearing on motions to dismiss by Defendants Bank of America, NA ("Bank of America"), Federal National Mortgage Association, a/k/a Fannie Mae ("Fannie Mae"), Federal Housing Finance Agency ("FHFA"), and Substitute Trustee Services, Inc. ("STS") (collectively, the "Defendants"). Edward D. Dilone appeared as attorney for the plaintiff ("Almanzar"), J. Curtis Griner appeared on behalf of Bank of America and Fannie Mae, Sarah D. Miranda appeared on behalf of STS, and Benjamin Lovell appeared as attorney for the Chapter 13 Trustee. After reviewing the motions, the plaintiff's response in opposition to the motions, and the other matters of record in this

adversary proceeding, the court has concluded for the reasons that follow that the motions should be granted.

## NATURE OF PROCEEDING

On September 17, 2007, Almanzar executed a note in the original principal amount of $191,960 to Bank of America. The note was secured by a deed of trust on real property known as 308 Rondelay Drive, Durham, North Carolina. Bank of America later sold its interest in the loan to Fannie Mae. On August 31, 2011, the Clerk of Superior Court of Durham County entered an order allowing the substitute trustee to foreclose under the terms of the deed of trust ("Foreclosure Order"). The Foreclosure Order found that Bank of America was the holder of the note, that notice of the foreclosure hearing was properly served on Almanzar, and that the substitute trustee was entitled to foreclose under the terms of the deed of trust. On September 21, 2011, the property was sold at foreclosure sale. No upset bids were filed before the upset bid expired, and the sale became final on October 3, 2011. On October 7, 2011, the Final Report and Account of Foreclosure Sale was filed. The Trustee's deed was recorded on October 13, 2011.

On October 28, 2011, Almanzar filed a motion to set aside the foreclosure sale with the Durham County Clerk of Superior Court, which the Clerk then transferred to Superior Court. The motion to set aside the foreclosure sale was denied in the Superior Court on the ground that the Superior Court lacked subject matter

jurisdiction to hear the motion because the foreclosure sale had already been confirmed and the property had already been conveyed before the motion was filed.

Almanzar filed a Petition for Chapter 13 relief on March 16, 2012. On April 25, 2012, Bank of America filed a Motion for Relief from Stay regarding 308 Rondelay Drive, seeking permission to take possession of the property. On June 14, 2012, the date the Bank's Motion for Relief was set for hearing, Almanzar initiated this adversary proceeding, challenging the validity of the Foreclosure Order.

The first cause of action seeks declaratory relief adjudicating that the foreclosure was not properly conducted, and that good cause exists to set aside the foreclosure and subsequent sale to Bank of America. The second cause of action seeks damages against Bank of America and Fannie Mae for alleged RESPA violations.[1] The fourth cause of action seeks damages against STS for breach of fiduciary duty. Finally, the fifth cause of action seeks damages against Bank of America and Fannie Mae under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-16. The Defendants now move to dismiss Almanzar's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

---

[1] The third cause of action against FHFA for failure to supervise Fannie Mae was dropped when Almanzar voluntarily dismissed FHFA on August 22, 2012.

granted.

## DISCUSSION

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Rule 12(b)-(h) of the Federal Rules of Civil Procedure applies in adversary proceedings in the Bankruptcy Court. In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A motion to dismiss should be considered using a two-pronged approach. Iqbal, 129 S.Ct. at 1950. First, a court must accept as true all factual allegations contained in a complaint. Id. at 1949. Once a court assumes the truth of well-pleaded factual allegations, it should "then determine whether they plausibly give rise to an entitlement to relief." Id. In order for a claim to be facially plausible, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (citing Twombly, 550 U.S. at 556). Whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

Applying the foregoing standard in this case, the court concludes that the Defendants' motions should be granted.

I. **Rooker-Feldman bars the court from granting the declaratory relief sought**

Almanzar has failed to state a valid claim for declaratory relief because the Rooker-Feldman doctrine bars any attack on the Foreclosure Order. Almanzar seeks a declaratory judgment that the foreclosure sale was not properly conducted and to set aside the foreclosure sale. In support of the relief requested, Almanzar argues that she did not receive proper notice of the foreclosure hearings because the motions and orders of continuance were sent to her before the orders were signed.

Almanzar's claim is barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is a jurisdictional prohibition on "federal suits that amount to appeals of state-court judgments." Bolden v. City of Topeka, 441 F.3d, 1129, 1139 (10th Cir. 2006). The Doctrine generally prohibits lower federal courts from reviewing state court decisions; "rather, jurisdiction to review such decisions lies exclusively with super state courts and, ultimately, the United States Supreme Court." Brumby v. Deutsche Bank Nat. Trust Co., 2010 WL 617368, at *2 (M.D.N.C. Feb. 17, 2010) (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)). The Rooker-Feldman bar extends not only to issues actually presented to and decided by a state court, but also to issues that are "inextricably intertwined" with questions ruled on by a state

court. Brumby, 2010 WL 617368, at *2 (quoting Plyer, 129 F.3d at 733). A federal claim is inextricably intertwined with a state court decision where, "in order to grant the federal plaintiff relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997) (quoting Ernst v. Child and Youth Servs., 108 F.3d 486, 491 (3rd Cir. 1997)). Rooker-Feldman, therefore, applies when the federal action "essentially amounts to nothing more than an attempt to seek review of the [state court's] decision by a lower federal court." Brumby, 2010 WL 617368, at *2, quoting Plyer, 129 F.3d at 733; see also Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 201 (4th Cir. 2000).

In a case very similar to this one, the Court of Appeals for the Eighth Circuit held that a due process exception to the Rooker-Feldman Doctrine does not exist. Postma v. First Fed. Savings & Loan, 74 F.3d 160, 163 n.3 (8th Cir. 1996). Like Almanzar, the plaintiffs in Postma alleged they did not receive sufficient procedural due process as part of a state court foreclosure proceeding. Id. at 162. Because the state court found that the plaintiffs received sufficient notice, the Court of Appeals dismissed the plaintiff's complaint pursuant to Rooker-Feldman. Id. at 163 & n.3. Fourth Circuit district courts have followed

Postma in applying the Rooker-Feldman doctrine to state court foreclosure proceedings. See Poindexter v. Wells Fargo Bank, N.A., 2010 WL 3023895, at *2 (W.D.N.C. July 29, 2010) (listing cases).

The Defendants contend that Almanzar's complaint is an attempt to re-litigate issues that have previously been judicially determined in the prior state court foreclosure proceedings, or that are inextricably intertwined with the state court foreclosure proceedings, and should therefore be dismissed under Rooker-Feldman. The court agrees. The state court found in the Foreclosure Order that Bank of America is the holder of the Note. The Assistant Superior Court further determined that Almanzar received proper notice of the foreclosure hearing. The Clerk's August 31, 2011 order permitting foreclosure sale of Almanzar's home was a final "judicial act" appealable to the appropriate state court within ten days of its entry. N.C. Gen. Stat. § 45-21.16(d1). Indeed, Almanzar moved to set aside that order in Superior Court, but the court refused. Rooker-Feldman prohibits this court from now asserting jurisdiction over Almanzar's defenses against foreclosure, because these defenses can succeed only to the extent that Almanzar's foreclosure case was wrongly decided—a determination which would require this court to exercise de facto appellate jurisdiction over the findings of the state court. Dismissal of the claim for declaratory relief for lack of subject matter jurisdiction is therefore appropriate.

Almanzar's first cause of action is therefore dismissed. Repleading, moreover, cannot correct this defect. Accordingly, the court does not grant Almanzar leave to amend. <u>Lucente v. Int'l Bus. Machs. Corp.</u>, 310 F.3d 243, 258 (2d Cir.2002) ("Where it appears that granting leave to amend is unlikely to be productive ... it is not an abuse of discretion to deny leave to amend."); <u>In re Total Containment</u>, 335 B.R. 589, 601 (Bankr. E.D. Pa. 2005) (when repleading cannot correct the defects in the claim, the court should not grant leave to amend).

## II. The breach of fiduciary duty claim against STS is dismissed with prejudice

Almanzar fails to state a claim for breach of fiduciary duty against STS. The complaint alleges Almanzar did not receive proper notice of the foreclosure hearings and that "STS failed to give Plaintiff statutory notice" because the certificates of service show that the motions and orders of continuance were "sent to Plaintiff before the order was signed." (Compl. ¶ 32.) This issue was previously decided by the state court foreclosure action. In issuing the Foreclosure Order the Clerk determined that Almanzar received proper notice of the foreclosure hearing. <u>Rooker-Feldman</u> prevents this court from reviewing the Assistant Superior Court's determination. Almanzar's fourth cause of action therefore is dismissed with prejudice.

### III. The RESPA claim against Bank of America and Fannie Mae is dismissed without prejudice

The complaint fails to allege sufficient facts to state a claim upon which relief can be granted under RESPA. The Real Estate Settlement Procedures Act ("RESPA") requires that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of an assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). RESPA creates a private right of action for the failure of a loan servicer to provide proper notice regarding a transfer of servicing rights. 12 U.S.C. § 2605; see also Grant v. Shapiro & Burson, LLP, - F. Supp. 2d -, 2012 WL 16328687, at *4 (D. Md. May 8, 2012). To state a claim for such a violation under section 2605(b)(1)[2], a plaintiff must allege facts regarding whether a defendant was a loan servicer, when the alleged transfer took place, what entities were involved in the transfer, and what specific damages plaintiff suffered due to the lack of notice. Teaupa v. U.S. Nat'l Bank, N.A., 836 F.Supp.2d 1083, 1097-99 (D. Haw. 2011); Delino v. Platinum Community Bank, 628 F.Supp.2d 1226, 1232 (S.D. Cal. 2009).

Based upon the allegation that her loan was transferred from Bank of America to Fannie Mae, Almanzar asserts that Bank of America and Fannie Mae violated RESPA by failing to disclose a

---

[2]This section provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."

change in servicing rights to Almanzar's mortgage. Bank of America's motion to dismiss argues that although the holder of Almanzar's Note changed, the servicer did not because-as acknowledged in the Complaint-Bank of America continued to service Almanzar's loan, even after it was sold to Fannie Mae. The statute apparently contemplates such an arrangement: section 2605 specifically states that the term "servicer" does <u>not</u> mean the person who holds a loan unless that person also services the loan. 12 U.S.C. § 2605(i)(2). If Bank of America continued to service the loan as indicated in the complaint, neither Bank of America nor Fannie Mae had any duty under RESPA to provide Almanzar with Notice. Furthermore, even if there were a transfer of servicing rights, the complaint nevertheless fails to state a claim for relief because it does not allege what specific damages Almanzar suffered due to the lack of notice.

The court agrees that Almanzar's allegations are insufficient to state a RESPA violation under 12 U.S.C. § 2605(b)(1), but will allow Almanzar to amend her Complaint to clarify her allegations that a transfer took place and set forth claims for damages under RESPA.

IV. **The Unfair and Deceptive Trade Practices claim against Bank of America and Fannie Mae is dismissed without prejudice, in part, and with prejudice, in part**

Almanzar's UDTPA claim fails to state a claim upon which relief may be granted. Almanzar alleges that Bank of America and

Fannie Mae engaged in unfair and deceptive trade practices under the UDTPA by misrepresenting their real party in interest status to the Clerk of Superior Court and to Almanzar, and failing to notify her of the change in loan servicing. As previously discussed, Rooker-Feldman prevents the court from reconsidering the Clerk's determination that Bank of America was the holder of the note. To the extent that Almanzar's claim is grounded in allegations that Bank of America and Fannie Mae misrepresented their party in interest status to the court, it is dismissed with prejudice.

The other aspect of Almanzar's claim-that Bank of America and Fannie Mae engaged in unfair and deceptive trade practices by failing to notify her of the change in loan servicing-was not decided by the state court action. The claim nevertheless fails to state a claim on which relief can be granted because Almanzar neglects to allege any damages that were proximately caused by a failure to provide notice of a change in servicer. To state a claim for unfair and deceptive trade practices under North Carolina law, a plaintiff must allege: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to the plaintiff. Walker v. Fleetwood Homes of N.C., Inc., 362 N.C. 63, 71-72 (2007). Because the Complaint fails to establish a prima facie claim for unfair and deceptive trade practices under the UDTPA, the claim is properly dismissed with leave to amend.

CONCLUSION

The Defendants' Motions to Dismiss are GRANTED. Almanzar may file an amended Complaint to replead the second and fifth causes of action within thirty days of entry of this opinion.

This opinion constitutes the court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.

This 9th day of October, 2012.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Edward D. Dilone, Esq.
P.O. Box 12107
Durham, NC 27713

Esther M. Almanzar
308 Rondelay Drive
Durham, NC 27703

J. Curtis Greiner, Esq.
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202

Sarah D. Miranda, Esq.
P.O. Box 2505
Fayetteville, NC 28311

Richard M. Hutson, Trustee